## No. 1110.

### S. MEYER VS. F. P. STUBBS.

When a suspensive appeal had been perfected in a case then appealable, before the promulgation of the constitutional amendment, our jurisdiction thereof vested, although the return-day and actual filing of the transcript did not occur till after such promulgation. The case stands on the same footing with appeals of the same character which had been filed prior to the promulgation, and the transfer thereof to the Circuit Court will be granted.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*Richardson & Liddell* for Plaintiff and Appellee.

*F. P. Stubbs* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The amount in dispute in this case does not exceed two thousand dollars exclusive of interest. Our appellate jurisdiction over it, therefore, ceased with the promulgation of the recent constitutional amendments.

The only point in which it differs from the case of Walmsley vs. Nichols, just decided, is that the transcript of the appeal had not yet been lodged in this court until after the promulgation. It is a difference without a distinction.

The appeal had been taken and perfected long prior to the promulgation, and was made returnable, according to law, to this court at its present term.

It is elementary that our jurisdiction over the cause attached as soon as the appeal was perfected, and continued in full vigor as if the transcript had been filed, until divested by the promulgation of the constitutional amendment.

The filing of the transcript was a mere act of obedience to the order granting the appeal and to the law.

It was necessary for the appellant to pursue this course, in order to preserve the effect of his suspensive appeal.

We act upon the case as we find it at the moment when we are called upon to act. Our jurisdiction had attached prior to the promulgation of the amendment. That jurisdiction has been taken from us and vested in the Circuit Court. The transcript is lawfully in our records. All we have to do is to make the necessary order to enable the appeal to pass to determination in due course of law by the tribunal to whose jurisdiction it has been transferred.

It is, therefore, ordered that this appeal and the transcript and record thereof be, and the same is, hereby transferred to the honorable the Circuit Court of Appeals for the Second Circuit, sitting in the parish of Ouachita, and that the clerk of this court be authorized to execute this order.